Cathedral Parkway Towers, LLC, Petitioner-Landlord-Appellant, -
against
Amantina Soto, Respondent-Tenant-Respondent.



Landlord, as limited by its briefs, appeals from those portions of an order of the Civil Court of the City of New York, New York County (Frances A. Ortiz, J.), dated May 17, 2019, which denied its motion to dismiss tenant's second through sixth affirmative defenses and first counterclaim, for summary judgment of possession and for rent/use and occupancy in a holdover summary proceeding.




Per Curiam.
Order (Frances A. Ortiz, J.), dated May 17, 2019, insofar as appealed from, modified to grant that portion of landlord's motion seeking use and occupancy, pendente lite, beginning June 2019, and remanding the matter to Civil Court for a determination of the amount of monthly use and occupancy in accordance with RPAPL 745(2)(c)(i); as modified, order affirmed, with $10 costs.
We agree that landlord's possessory claim, based upon allegations that tenant was in material noncompliance with the lease due to a change in household composition as a single occupant (see 9 NYCRR § 1727-2.8) should be decided at a plenary trial, and not on summary judgment. On this record, triable issues are presented, including whether the allegedly physically-impaired Section 8 tenant refused, without legitimate reason or justification, to relocate to an appropriate-size apartment within the housing complex. While the record reveals that two apartments were offered to tenant, tenant raised a triable issue as to her "reasonable accommodation defense" under the fair housing and anti-discrimination laws (see 42 USC § 3601 et seq.). 
In the particular circumstances of this case, the tenant, although a Supplemental Security Income ("SSI") recipient, should have been directed to pay use and occupancy calculated pursuant to RPAPL 745[2][b][i] (now RPAPL 745[2][c][i]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: December 13, 2019